**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 95-50159
Summary Calendar

ROBERT B. REICH, SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR,

Plaintiff-Appellee,

VERSUS

JAMES H. CROCKETT,

Defendant-Appellant.

Appeal from the United States District Court
For the Western District of Texas
(A 87 CV 135)

(September 8, 1995)

Before GARWOOD, WIENER, and PARKER, Circuit Judges.

PER CURIAM[*]:

Defendant-Appellant James H. Crockett ("Crockett") appeals

from the final orders entered by the district court on December 29,

---

[*]  Local Rule 47.5 provides:
"The publication of opinions that have no precedential value and
merely decide particular cases on the basis of well-settled
principles of law imposes needless expense on the public and
burdens on the legal profession."
Pursuant to that Rule, the Court has determined that this opinion
should not be published.

1994, and January 23, 1995, finding Crockett in civil contempt for his failure to comply with an earlier consent judgment entered by the court in which Crockett was enjoined from violating the Fair Labor Standards Act ("FLSA" or "the Act") in the future. Crockett argues that the district court incorrectly held that Crockett was not entitled to a housing credit under § 3(m) of the Act. Crockett further complains that the earlier consent judgment was invalid. We affirm.

## I. INTRODUCTION

On December 31, 1987, the district court entered a consent judgment enjoining Crockett, doing business as Village Glen Apartments, from violating the minimum wage, overtime compensation, and record-keeping provisions of the FLSA, and from withholding backwages due his employees. On September 28, 1994, the Secretary of Labor ("the Secretary") filed a motion to adjudge Crockett in civil contempt for violating the consent judgment by failing to pay employees the proper minimum wage and overtime compensation and for failing to keep adequate records. A contempt hearing was held on November 7 and 8, 1994. On December 29, 1994, the district court found Crockett in civil contempt and directed the Secretary to document the amount of backwages owed. On January 23, 1995, following submission from the Secretary regarding the backwages owed, the district court ordered Crockett to pay his employees $220,544.43. In the same order, the district court denied Crockett's motion to reconsider its earlier order or,

alternatively, for a new trial. Crockett filed this appeal on February 21, 1995.

## II.  ANALYSIS

A.  <u>Finding That Crockett Was Not Entitled to a Housing Credit</u>:

The regulations implementing § 3(m) provide an employer three methods to ascertain whether the housing he furnishes his employees may be considered as part of their "wages." *See* 29 C.F.R. § 531.33(a). The employer may request that the Administrator of the Wage and Hour Division make a determination either as to the "reasonable cost" or the "fair value" of the housing furnished, or alternatively, an employer may calculate the "actual cost" of the furnished housing pursuant to the requirements set forth in 29 C.F.R. § 531.3. As Crockett did not ask the Administrator to make a determination as to "reasonable cost" or "fair value," he was required to substantiate the "actual cost" of the housing he furnished his employees if he desired to take a § 3(m) credit.

In order to substantiate "actual cost," an employer must "maintain and preserve" records of "itemized accounts showing the nature and amount of any expenditures entering into the computation of the reasonable cost." 29 C.F.R. § 516.27(a)(1). Furthermore, the records:

> shall contain the data required to compute the amount of the depreciated investment in any assets allocable to the furnishing of the facilities, including the date of acquisition or construction, the original cost, the rate of depreciation and the total amount of accumulated depreciation on such assets.

3

*Id.* The district court held that because the Crockett failed to substantiate his claims as to the actual cost of the housing furnished his employees, he could not take a § 3(m) credit for the rent he charged his employees.

This court reviews a district court's order of civil contempt for an abuse of discretion. *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 46 (5th Cir. 1992). The factual findings underlying the contempt order are reviewed for clear error. *Id.* at 46-47.

An employer may lawfully deduct from an employee's pay the reasonable cost of providing housing, even if that deduction causes the employee's cash pay to fall below the statutory minimum. *Caro-Galvan v. Curtis Richardson, Inc.*, 993 F.2d 1500, 1513 (11th Cir. 1993). However, the employer has the burden of keeping records concerning costs and also of proving the reasonable cost of providing such lodging. *Id.;* 29 C.F.R. § 516.27. "An employer's unsubstantiated estimate of his cost, where the employer has failed to comply with the recordkeeping provisions of the FLSA, and where there has been no determination of reasonbale cost by the Wage and Hour Division does not satisfy the employer's burden of proving reasonbale cost." *Caro-Galvan*, 993 F.2d at 1514 (internal quotation and citations omitted).

Crockett offered evidence of the full rental value of the employees' apartments and the fact that some of these apartments were provided at a discount. However, Crockett offered no evidence using the formula provided in § 531.3(c) for reasonable cost to demonstrate that the amount deducted equalled or exceeded the

4

reasonable cost. The district court did not clearly err in determining that Crockett paid his employees less than the statutory minimum wage. Nor did the district court abuse its discretion by holding Crockett in contempt and imposing fines accordingly.

B. The 1987 Injunction:

Crockett argues that the terms of the 1987 injunction which was imposed pursuant to a consent judgment were not specific enough and that the district court thus erred in holding him in contempt of that injunction. Crockett also argues that the 1987 injunction was invalid because Village Glen Apartments is not an enterprise engaged in interstate commerce within the meaning of the FLSA.

The collateral attack of an injunction in a contempt proceeding is prohibited where the injunction was subject to earlier review. *Western Water Management, Inc. v. Brown*, 40 F.3d 105, 108 (5th Cir. 1994). The 1987 consent judgment was a final decision of the district court subject to direct review by this court. Therefore, Crockett cannot now collaterally attack the 1987 order.

Therefore, the district court's order is AFFIRMED.

5